UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TACOMA COMMUNITY COLLEGE,<br><br>　　　　　Defendant. | CASE NO. C12-5614 BHS<br><br>ORDER ENTERING CASE MANAGEMENT ORDER AND DENYING PLAINTIFF'S MOTION TO ADMIT |

This matter comes before the Court on Plaintiff Barbara Stuart Robinson's ("Robinson") motion to admit evidence (Dkt. 13) and review of the file.

On July 10, 2012, Robinson filed a motion to proceed *in forma pauperis*. Dkt. 1. On July 13, 2012, the undersigned granted the motion (Dkt. 5) and accepted Robinson's complaint (Dkt. 6). Robinson alleges that she was denied admission to Defendant Tacoma Community College ("TCC") on the basis of a handicap. *Id*. In support of her complaint, Robinson submitted a class add/drop form containing what appears to be the signature of three instructors allowing Robinson to attend their courses. *See* Dkt. 6–1.

ORDER - 1

Robinson, however, alleges that she was barred from enrolling at TCC for the summer quarter. Dkt. 7.

Based on previous lawsuits, Robinson has been declared a vexatious litigant in this district. *See Robinson v. Tacoma Community College*, Cause No. C11-5151BHS (W.D. Wash.), Dkt. 109. The undersigned entered a Bar Order against Robinson based upon TCC's showing that Robinson's numerous filings were frivolous. *Id*.

On July 20, 2012, Robinson filed a motion to admit evidence. Dkt. 13.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (citing *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)). In the exercise of its discretion under these inherent powers, the Court possesses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44–45. Imposition of sanctions is appropriate for actions such as the "willful disobedience of a court order." *Chambers*, 501 U.S. at 43–46. "[O]utright dismissal of a lawsuit, which we had upheld in *Link* [*v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)], is a particularly severe sanction, yet is within the court's discretion." *Chambers*, 501 U.S. at 45 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)).

In this case, the Court must act to control the management of this matter. Upon review of Robinson's instant motion, the Court finds that the motion is frivolous. Based on this frivolous motion and Robinson's previous interaction with this Court, the Court

finds that there is a need to enter a case management order and forewarn Robinson of the consequences of her actions. Although there may exist a kernel of a discrimination claim in Robinson's complaint, neither the Court nor TCC will be subjected to actions that needlessly increase the cost of litigation or unnecessarily delay the administration of justice. Therefore, not only will the Court deny Robinson's motion *sua sponte*, the Court will also enter the following case management order:

1. In the event that Robinson files any subsequent motion for relief, TCC need not respond unless the Court requests a response.

2. If Robinson continues to file frivolous motions or engages in other actions that delay the determination of the merits of her claims, then the Court may impose the particularly severe sanction of dismissal.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge