UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> TACOMA COMMUNITY COLLEGE, <br><br> Defendant. | CASE NO. C12-5614 BHS <br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO APPOINT |

This matter comes before the Court on Defendant Tacoma Community College's ("TCC") motion to dismiss (Dkt. 10) and Plaintiff Barbara Stuart Robinson's ("Robinson") motion to appoint counsel (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 10, 2012, Robinson filed a motion to proceed *in forma pauperis*. Dkt. 1. On July 13, 2012, the undersigned granted the motion (Dkt. 5) and accepted Robinson's complaint (Dkt. 6). Robinson alleges that she was denied admission to TCC on the basis of a handicap. *Id*. In support of her complaint, Robinson submitted a class add/drop form containing what appears to be the signature of three instructors allowing Robinson to attend their courses. *See* Dkt. 6–1. Robinson, however, alleges that she was barred from enrolling at TCC for the summer quarter. Dkt. 7.

ORDER - 1

Based on previous lawsuits, Robinson has been declared a vexatious litigant in this district. *See Robinson v. Tacoma Community College*, Cause No. C11-5151BHS (W.D. Wash.), Dkt. 109. The undersigned entered a Bar Order against Robinson based upon TCC's showing that Robinson's numerous filings were frivolous. *Id*. The order provides as follows:

> Barbara Stuart Robinson is hereinafter declared a vexatious litigant in this district and may not file any claim in the Western District of Washington against any government agency, or its employees when acting in their official capacity, without leave of court. When seeking leave of Court, Robinson must submit a separate document that (1) states why the claims are not frivolous and (2) certifies that the claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

*Id*. at 8.

On July 20, 2012, TCC filed a motion to dismiss. Dkt. 10. On July, 21, 2012, Robinson responded. Dkt. 11. On July 24, 2012, Robinson filed a motion to appoint counsel. Dkt. 16. On August 17, 2012, TCC replied. Dkt. 17.

## II. DISCUSSION

TCC argues that the Court should dismiss the complaint because Robinson failed to follow the procedures outlined in the Court's vexatious litigant order. Dkt. 10 at 1. When a party proceeds *pro se*, the district court is required to "afford [her] the benefit of any doubt" in ascertaining what claims she "raised in [her] complaint . . ." *Morrison v. Hall*, 261 F.3d 896, 899 n. 2 (9th Cir. 2001) (internal quotation marks omitted). In this case, Robinson has met both requirements set forth in the Court's order. Leave of court was requested by filing a motion to proceed *in forma pauperis*. When considering that

motion, the Court was required to evaluate the merits of the complaint. The Court found that there was a kernel of a claim that could not have been previously litigated because the adverse action allegedly happened days before the complaint was filed. Therefore, the Court denies TCC's motion.

With regard to Robinson's motion, under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the Court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, Robinson has failed to show that exceptional circumstances exist. Robinson can reasonably articulate her claims. Whether Robinson was denied enrollment based on her handicap has to be determined. Therefore, the Court denies Robinson's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that TCC's motion to dismiss (Dkt. 10) is **DENIED** and Robinson's motion to appoint (Dkt. 16) is **DENIED.**

Dated this 5th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge