1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

BARBARA STUART ROBINSON,

Plaintiff,

v.

TACOMA COMMUNITY COLLEGE,

Defendant.

CASE NO. C12-5614 BHS

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

13   This matter comes before the Court on Defendant Tacoma Community College's

14   ("TCC") motion for summary judgment (Dkt. 26).  The Court has considered the

15   pleadings filed in support of and in opposition to the motion and the remainder of the file

16   and hereby grants the motion for the reasons stated herein.

17                      **I. PROCEDURAL HISTORY**

18   On July 13, 2012, the Court accepted Plaintiff Barbara Stuart Robinson's

19   ("Robinson") complaint in which she alleges that TCC denied her re-enrollment in

20   violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132,

21   and the Washington Law Against Discrimination ("WLAD"), RCW Chapter 49.60.  Dkt.

22   6.

1    On October 9, 2012, TCC filed a motion for summary judgment.  Dkt. 26.  On

2    October 10, 2012, Robinson responded.  Dkt. 33.  On November 2, 2011, TCC replied.

3    Dkt. 34.

4                              **II. FACTUAL BACKGROUND**

5        In previous litigation before the undersigned, Robinson alleged that she was

6    unlawfully expelled from TCC.  *See Robinson v. Tacoma Comm. College*, Cause No.

7    C11-5151BHS (WAWD).  The Court entered judgment for TCC because Robinson failed

8    to submit evidence that she was disabled and failed to submit evidence that she informed

9    TCC that she was disabled.  *Id.*, Dkt. 89.

10       In light of the suspension, TCC placed conditions on Robinson's re-enrollment

11   and notified Robinson, by letter, as follows:

12           As you will recall from your meetings with various [TCC] staff, the
         basis for your suspension was behaviors you demonstrated that were
13       threatening to staff and disrupting of the teaching and learning
         environment. As a condition of re-enrollment at TCC, TCC will require
14       assurance that this disruptive behavior has been addressed and that you are
         able to meet the expectations of the college with regards to conduct which
15       is appropriate on our college campus and in the pursuit of your educational
         goals.

16   *Id.*

17       TCC contends that, on June 25, 2012, Robinson began sitting in on classes at TCC

18   without officially re-enrolling as a student.  Dkt. 27, Declaration of Dolores Haugen

19   ("Haugen Decl."), ¶ 5.  Ms. Haugen states, in the period of time between Robinson's

20   suspension and June 25, 2012, Robinson never requested a meeting with TCC to develop

21   a re-enrollment strategy, never provided TCC with documentation of a disability, and did

22

1  not ask for any disability-related accommodations. *Id.*, ¶ 7. Robinson, however, did

2  obtain signatures from instructors and attempted to enroll in classes. *See* Dkt. 6–1. Ms.

3  Haugen states that Robinson did not inform the instructors that signed an "Add/Drop

4  Form" of her preconditions to re-enrollment. *See* Dkts. 29, 30, & 31.

5      On June 27, 2012, Robinson met with Ms. Haugen, TCC's Director of Student

6  Services. Haugen Decl., ¶ 6. Ms. Haugen reminded Robinson that she needed to meet

7  the precondition for re-enrollment, as her behavior created safety concerns. *Id.* Robinson

8  left Ms. Haugen's office and returned with a "Forensic Psychological Report" ("Report")

9  dated October 13, 2008. *Id.*, Ex. A. On June 28, 2012, Ms. Haugen met with Robinson

10 and informed her that the Report did not satisfy the precondition because it did not

11 address threatening behaviors and did not include an evaluation. *Id.*, ¶ 8.

12     Later that day, Robinson emailed Ms. Haugen a short summary of a doctor's

13 appointment dated September 29, 2011. *Id.*, Ex. B. The summary does not include a

14 diagnosis and concludes with the following:

15          Barbara does not qualify for GAD/Disability Lifeline support, at
            least not based on the information from this evaluation. She does not show
16          reliable indications of a mental health or cognitive disability which would
            prevent her from maintaining stable, sustained employment. Barbara's
17          cocaine abuse might qualify her for DSHS support through ADATSA.

18 *Id.*

19     On July 9, 2012, Ms. Haugen met with Robinson to discuss her enrollment

20 status. *Id.*, ¶ 10. Ms. Haugen explained that the materials provided did not satisfy

21 the precondition for re-enrollment and sent Robinson a letter documenting the

22 decision. *Id.*, Ex. C.

## III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically

1    attested by that party contradict facts specifically attested by the moving party.  The

2    nonmoving party may not merely state that it will discredit the moving party's evidence

3    at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

4    *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

5    nonspecific statements in affidavits are not sufficient, and missing facts will not be

6    presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

7    **B.    TCC's Motion**

8    　　　Title II of the ADA prohibits public entities from discriminating against the

9    disabled.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Similarly, the

10   WLAD prohibits discrimination against the disabled.  *See, e.g., Fell v. Spokane Transit*

11   *Authority*, 128 Wn.2d 618 (1996).  In determining whether the WLAD and ADA have

12   been violated, the Ninth Circuit utilizes an identical analysis.  *Kees v. Wallenstein*, 161

13   F.3d 1196, 1199 (9th Cir. 1998).

14   　　　First, the plaintiff must establish a *prima facie* case of discrimination.  *See*

15   *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49–50 (2003).  Should this burden be met, the

16   burden shifts to the moving party to articulate a legitimate, nondiscriminatory reason for

17   its action.  *Id.*  Should the moving party meet this burden, the presumption of intentional

18   discrimination disappears.  *Id.*  The burden then shifts back to the plaintiff to prove

19   discrimination by offering admissible evidence demonstrating that the proffered reason is

20   pretextual.  *Id.*

21

22

1.      **Robinson's *Prima Facie* Case**

To bring a *prima facie* discrimination case under the ADA, a plaintiff must produce evidence that (1) she meets the ADA's definition of disabled, (2) she meets the eligibility requirements of the school regardless of reasonable accommodations, (3) the school denied her access or participation in its program solely because of her disability and, (4) the school is a public entity.  *Wong v. Regents of Univ. of California*, 192 F.3d 807, 816 (9th Cir. 1999).

In this case, TCC argues that Robinson has failed to establish a *prima facie* case for a number of reasons, including that Robinson is currently ineligible to attend TCC. Dkt. 26 at 10.  TCC suspended Robinson because she exhibited threatening behavior and disrupted the educational setting.  In order to be eligible for re-enrollment, TCC required some assurance that Robinson's disruptive behavior had "been addressed and that [Robinson is] able to meet the expectations of the college with regards to conduct which is appropriate on [TCC's] college campus and in the pursuit of [Robinson's] educational goals . . . ."  Instead of doing this, Robinson attempted to provide TCC with evidence of a disability without requesting reasonable accommodation for that alleged disability. Therefore, Robinson has failed to show that she was eligible to attend TCC regardless of accommodations.

Second, Robinson has failed to show that she was denied access solely because of her disability.  She was denied access because of her threatening behaviors and disruptive conduct.  Robinson argues her behaviors are symptoms of her "mood disorder and hypoactive manic and depression."  Dkt. 33 at 3.  Robinson, however, fails to submit any

admissible evidence that correlates her behaviors with an actual diagnosed disorder.
Moreover, TCC has invited Robinson to engage in an interactive accommodation
process, which Robinson circumvented by acquiring admission signatures and submitting
them for enrollment purposes.  Therefore, the Court concludes that Robinson has failed to
establish her *prima facie* case.

**2.     Pretext**

Even if Robinson had established a *prima facie* case, TCC argues that she has
failed to show that TCC's reason for denying her enrollment was pretextual.  The Court
agrees.  The record is replete with evidence that TCC is acting in the interest of providing
an environment conducive to education and openly engaging Robinson to discuss a
reasonable accommodation.  Therefore, the Court concludes that Robinson has failed to
show pretext and grants TCC's motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that TCC's motion for summary judgment
(Dkt. 26) is **GRANTED**.  The Clerk is directed to enter **JUDGMENT** in favor of TCC
and close this case.  Robinson's *in forma pauperis* status is hereby **REVOKED** for
purposes of appeal.

Dated this 16th day of November, 2012.

BENJAMIN H. SETTLE
United States District Judge